# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

DAVID L. GRAY,

    Petitioner,

v.

RENEE BAKER, *et al.*,

    Respondents.

Case No. 2:13-cv-01629-RFB-CWH

**ORDER**

This action is a *pro se* petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 by petitioner David L. Gray, a Nevada state prisoner. Before the Court is respondents' motion to dismiss the petition. ECF No. 9.

**I. PROCEDURAL HISTORY**

On September 8, 2008, in the Eighth Judicial District for the State of Nevada, the State filed an information charging petitioner with conspiracy to commit burglary, burglary, conspiracy to commit robbery, and two counts of robbery. Exhibit 2.[1] On November 5, 2008, at calendar call, the jury trial was vacated and the matter was set for a status check. Exhibit 3. On November 26, 2003, the State

---

[1] The exhibits referenced in this order are found in the Court's record at ECF No. 11.

filed an amended information which charged petitioner with robbery and conspiracy to commit robbery. Exhibit 4. The same day, a guilty plea agreement was filed. Exhibit 5.

On April 13, 2009, petitioner informed the state district court that he wished to withdraw his plea and requested that counsel be appointed for the limited purpose of determining if there was a basis to withdraw his plea. Exhibit 7. The court appointed Cynthia Dustin, who was confirmed as petitioner's attorney on April 15, 2009. Exhibit 8. On May 15, 2009, petitioner filed a motion to withdraw his guilty plea, which the state opposed. Exhibits 9, 10. On July 8, 2009, the state district court denied the motion to withdraw the guilty plea and sentenced petitioner. Exhibit 11. Petitioner was sentenced to a prison term of 48-120 months for robbery and a concurrent prison term of 12-48 months for conspiracy to commit robbery. The court suspended both prison sentences and placed petitioner on probation for 5 years. Exhibits 11, 12. Petitioner's sentence was reflected in his judgment of conviction, filed September 1, 2009. Exhibit 12.

On September 14, 2009, petitioner was brought before the state district court on a probation violation. The court found that petitioner had violated probation, but did not revoke his probation. Instead, the court modified his probation conditions to add 120 days of "flat time" in jail and house arrest upon completion of jail time. Exhibits 13, 14. The state district court filed an amended judgment of conviction on October 22, 2009. Exhibit 14.

Petitioner filed a motion to modify his probation to remove the house arrest component. Exhibit 16. The state district court granted petitioner's motion to modify probation and, on September 3, 2010, entered a second amended judgment of conviction. Exhibit 17.

Petitioner was again brought before the state district court on January 12, 2011, on a probation violation. Exhibit 18. The court revoked petitioner's probation and, on January 20, 2011, entered a third amended judgment of conviction with imposed the original prison sentences. Exhibit 19.

On February 2, 2011, petitioner filed a *pro se* motion to dismiss his counsel, Cynthia Dustin, on the grounds that she failed to answer his calls, did not communicate with him or visit him, and was not going a good job representing him. Exhibit 20. By order filed February 17, 2011, the state district court denied petitioner's motion. Exhibit 21.

On February 25, 2011, petitioner filed a *pro se* motion to modify sentence in which he claimed that he should have been convicted of grand larceny and burglary. Exhibit 22. The State opposed petitioner's motion. Exhibit 23. On April 1, 2011, the state district court denied petitioner's motion to modify his sentence. Exhibit 24. On August 5, 2011, petitioner filed a *pro se* motion to hold counsel in contempt of court, which the state district court denied. Exhibits 25, 26.

Petitioner filed a post-conviction habeas petition in the state district court on November 4, 2011. Exhibit 27. Petitioner alleged two grounds for relief: (1) that he was denied the effective assistance of counsel on or about August of 2009 when he told his counsel to appeal the entry of his judgment of conviction but she failed to do so; and (2) that in November of 2008 when he pled guilty, he didn't want to plead to robbery or conspiracy to commit robbery because he felt that was not the crime he committed and his prior counsel, Michael Sanft, and District Attorney Krista Barrie lied to the court about the factual basis for the plea. Id. at 7-10. The State filed a response and motion to dismiss on grounds that the petition was time-barred but agreed that petitioner was entitled to an evidentiary hearing regarding counsel's alleged failure to file an appeal. Exhibit 28. Petitioner filed an opposition to the motion to dismiss the petition. Exhibit 29.

On February 3, 2012, the state district court held an evidentiary hearing on the habeas petition. Exhibit 30. In a written order filed March 20, 2012, the state district court ruled that the post-conviction habeas petition was untimely. Exhibit 32. The state district court's order went on to find that petitioner's claim of ineffective assistance of counsel—specifically, petitioner's contention that he asked his attorney to file an appeal but she did not—was belied by the record, based on testimony given at the evidentiary hearing. Id. Petitioner filed a notice of appeal from the denial of his post-conviction habeas petition. Exhibits 31, 33.

On July 26, 2012, petitioner filed a motion to modify and/or correct an illegal sentence. Exhibit 34. The state district court heard the motion on September 5, 2012, and entered its order denying the motion on October 9, 2012. Exhibit 39. Petitioner filed a notice of appeal from the district court's denial of his motion to modify and/or correct an illegal sentence. Exhibit 37.

On October 5, 2012, while the appeal from the denial of petitioner's motion to modify and/or correct an illegal sentence was pending, petitioner filed a motion to reconsider the revocation of his probation. Exhibit 38. The state district court denied the motion on the grounds that it lacked jurisdiction while the appeal from the denial of the July 26, 2012 motion to modify was pending. Exhibit 40.

By order filed December 12, 2012, the Supreme Court of Nevada affirmed the denial of petitioner's post-conviction habeas petition. Exhibit 41. The Court found that the petition was untimely and that petitioner failed to demonstrate cause for the delay and undue prejudice. Id. Remittitur issued on January 7, 2013. Exhibit 42.

On June 13, 2013, the Supreme Court of Nevada affirmed the denial of petitioner's July 26, 2012 motion to modify and/or correct an illegal sentence. Exhibit 43. Remittitur issued on July 9, 2013. Exhibit 44.

Petitioner dispatched his *pro se* federal habeas petition to this Court on July 29, 2013. ECF No. 6 at 1, item 5. On March 19, 2014, respondents filed the instant motion to dismiss the petition. ECF No. 9. Petitioner has not filed a response to the motion to dismiss the petition. On August 5, 2014, Chief Judge Navarro entered a minute order reassigning this case to the undersigned United States District Judge. ECF No. 13. The minute order was served on petitioner by mail at his address of record, the Nevada Department of Corrections' Pioche Conservation Camp, P.O. Box 509, Pioche, NV 89043. Id. On August 18, 2014, the reassignment minute order was returned to the Clerk of Court as undeliverable. ECF No. 14. Printed words on the face of the returned envelope state the following: "Return to Sender – Attempted – Not Known – Unable to Forward." Handwritten words on the face of the returned envelope state the following: "Return to Sender – no longer at address – no new address available." ECF No. 14. A search of the Nevada Department of Corrections' online offender locator indicates that petitioner has been released on parole, but no actual location or current address is identified.[2] Petitioner has failed to file with this Court a written notification of his change of address since his release on parole.

---

[2] This information is found at: http://www.doc.nv.gov/inmatesearch/form.php

-4-

## II. DISCUSSION

### A. Local Rule LSR 2-2, Petitioner's Failure to Update His Address

Petitioner has failed to update this Court with his current address, as the Court's receipt of returned mail demonstrates. See ECF No. 14. Petitioner's failure to update the Court with his current address is an independent basis for dismissing this action, which the Court raises *sua sponte*. Rule LSR 2-2 of the Local Rules of Special Proceedings and Appeals provides:

> The plaintiff shall immediately file with the Court written notification of any change of address. The notification must include proof of service upon each opposing party or the party's attorney. Failure to comply with this rule may result in dismissal of the action with prejudice.

District courts have the inherent power to control their dockets and "[i]n the exercise of that power they may impose sanctions including, where appropriate . . . dismissal [of a case]." Thompson v. Hous. Auth. of City of Los Angeles, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action, with prejudice, based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules. See, e.g., Pagtalunan v. Galaza, 291 F.3d 639, 642-43 (9th Cir. 2002) (dismissal of habeas corpus petition with prejudice for failure to prosecute action and failure to comply with a court order); Ghazali v. Moran, 46 F.3d 52, 53-54 (9th Cir. 1995) (dismissal for noncompliance with local rule); Ferdik v. Bonzelet, 963 F.2d 1258, 1260-63 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); Carey v. King, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (dismissal for failure to comply with local rule requiring *pro se* plaintiffs to keep court apprised of address); Malone v. U.S. Postal Serv., 833 F.2d 128, 130-34 (9th Cir. 1987) (dismissal for failure to comply with court order); Henderson v. Duncan, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for lack of prosecution and failure to comply with local rules).

In determining whether to dismiss an action for lack of prosecution, failure to obey a court order, or failure to comply with local rules, the court must consider several factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives. Pagtalunan, 291 F.3d at 642.

In the instant case, petitioner failed to update the Court with his current address in compliance with LSR 2-2. The Court finds that the first two factors, the public's interest in expeditiously resolving this litigation and the Court's interest in managing its docket, weigh in favor of dismissal. The third factor, risk of prejudice to respondents, also weighs in favor of dismissal, since a presumption of injury arises from the occurrence of unreasonable delay in filing a pleading ordered by the court or prosecuting an action. See Anderson v. Air West, 542 F.2d 522, 524 (9th Cir. 1976). The fourth factor—public policy favoring disposition of cases on their merits—is greatly outweighed by the factors in favor of dismissal discussed herein. Finally, given that petitioner has effectively abandoned his case and failed to notify the Court of his new address, leaving the Court and opposing counsel with no means to communicate with petitioner, no lesser alternative other than dismissal is feasible. Therefore, petitioner's failure to update the Court with his current address in compliance with LSR 2-2 is a sufficient basis for dismissal of this action. As set forth below, the untimeliness of the federal habeas petition is also an independent and separate basis to dismiss this action.

**B. Federal Habeas Petition is Untimely**

Respondents argue that the federal petition was untimely filed. The Antiterrorism and Effective Death Penalty Act (AEDPA) amended the statutes controlling federal habeas corpus practice to include a one-year statute of limitations on the filing of federal habeas corpus petitions. With respect to the statute of limitations, the habeas corpus statute provides:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitations under this subsection.

28 U.S.C. § 2244(d).

For purposes of the AEDPA limitations period, "a judgment becomes 'final' in one of two ways—either by the conclusion of direct review by the highest court, including the United States Supreme Court, to review the judgment, or by the expiration of the time to seek such review, again from the highest court from which such direct review could be sought." Wixom v. Washington, 264 F.3d 894, 897 (9th Cir. 2001). Once the judgment of conviction becomes final, the petitioner has 365 days to file a federal habeas petition, with tolling of the time for filing during the pendency of a properly filed application for state post-conviction or other collateral review with respect to the pertinent judgment. 28 U.S.C. § 2244(d)(1), (2). A habeas petitioner's state post-conviction petition, which was rejected by the state court as untimely under the statute of limitations, is not "properly filed" within the meaning of the statutory tolling provision of the AEDPA limitations period. Pace v. DiGuglielmo, 544 U.S. 408, 412-16 (2005).

A criminal defendant in Nevada has thirty days from the entry of judgment to file his notice of appeal. Nev. R. App. P. 4(b)(1). If the defendant does not seek direct review from the highest state court, the conviction becomes final when the time for seeking such review expires. 28 U.S.C. § 2244(d)(1)(A); Hemmerle v. Schriro, 495 F.3d 1069, 1073-74 (9th Cir. 2007); Wixom, 264 F.3d at 898. Once the judgment of conviction is final, the defendant has one year to file a federal habeas petition. 28 U.S.C. § 2244(d).

In the present case, petitioner's judgment of conviction was filed on September 1, 2009. Exhibit 12. Petitioner did not pursue a direct appeal of his judgment of conviction. Where a petitioner does not appeal from his judgment of conviction, the one-year AEDPA limitations period begins to run on the date on which the time to seek appeal expires. 28 U.S.C. § 2244(d)(1)(a). Thus, petitioner's conviction became final on October 1, 2009, which was the deadline for filing a direct appeal from the

judgment of conviction. Nev. R. App. P. 4(b)(1). The one-year AEDPA statute of limitations began to run on October 2, 2009, and expired one year later on October 2, 2010. The first page of the federal habeas petition indicates that the petition was dispatched (given to prison staff for mailing) to this Court on July 29, 2013. ECF No. 6 at 1, item 5. The Court deems petitioner's federal petition to be filed on July 29, 2013. See Houston v. Lack, 487 U.S. 266, 270 (1988) (pursuant to the "mailbox rule," federal courts deem the filing date of a document as the date that it was given to prison officials for mailing). As such, the federal petition was filed almost three years after the AEDPA statute of limitations expired.

Petitioner's state post-conviction habeas petition, which was untimely filed on November 4, 2011, did not statutorily toll the AEDPA statute of limitations. Exhibit 27. In the order of affirmance filed December 12, 2012, the Supreme Court of Nevada ruled that petitioner's post-conviction state habeas petition was untimely pursuant to NRS 34.726. Exhibit 41. The Supreme Court of Nevada further ruled that petitioner failed to demonstrate good cause for the delay in filing his petition and failed to demonstrate that he was prejudiced by the denial of his petition as procedurally barred. Id. Because it was untimely under state law, the state post-conviction habeas petition was not a "properly filed application" that would toll the AEDPA statute of limitations under 28 U.S.C. § 2244(d)(2). Pace, 544 U.S. at 412-16. Further, the Court notes that petitioner's state post-conviction habeas petition was filed after the expiration of the AEDPA statute of limitations. An application for state post-conviction relief does not toll the AEDPA statute of limitations where the petitioner files it after the AEDPA statute of limitations has expired. Ferguson v. Palmateer, 321 F.3d 820, 823 (9th Cir. 2003). As such, petitioner is not entitled to statutory tolling during the pendency of his state post-conviction habeas petition. Moreover, petitioner's motion to modify his sentence (Exhibit 22) and motion to modify and/or correct an illegal sentence (Exhibit 34) did not statutorily toll the AEDPA statute of limitations under 28 U.S.C. § 2244(d)(2) because those motions were filed after the expiration of the AEDPA statute of limitations. Ferguson, 321 F.3d at 823. The federal habeas petition was filed almost three years after the AEDPA statute of limitations expired and petitioner is not entitled to statutory tolling. The federal habeas petition therefore must be dismissed as untimely unless petitioner is entitled to equitable tolling.

1. The United States Supreme Court has held that the AEDPA statute of limitations "is subject to equitable tolling in appropriate cases." Holland v. Florida, 560 U.S. 631, 645 (2010). The Supreme Court reiterated that "a petitioner is entitled to equitable tolling only if he shows: '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." Id. at 649 (quoting Pace, 544 U.S. at 418). The petitioner bears the burden of demonstrating that he is entitled to equitable tolling. Espinoza-Matthews v. California, 432 F.3d 1021, 1026 (9th Cir. 2005). "A petitioner must show that his untimeliness was caused by an external impediment and not by his own lack of diligence." Bryant v. Arizona Att'y Gen., 499 F.3d 1056, 1061 (9th Cir. 2007); see also Velasquez v. Kirkland, 639 F.3d 964, 969 (9th Cir. 2011) (a petitioner "must show that some 'external force' caused his untimeliness, rather than mere 'oversight, miscalculation or negligence.'") (quoting Waldron-Ramsey v. Pacholke, 556 F.3d 1008, 1011 (9th Cir. 2009)). "[A] garden variety claim of excusable neglect . . . such as a simple miscalculation that leads a [litigant] to miss a filing deadline . . . does not warrant equitable tolling." Holland, 560 U.S. at 651-52 (citations omitted) (internal quotation marks omitted). A *pro se* petitioner's lack of legal knowledge or sophistication is not, by itself, an extraordinary circumstance warranting tolling. Raspberry v. Garcia, 448 F.3d 1150, 1154 (9th Cir. 2006). In the instant case, petitioner has failed to make any showing that he pursued his rights diligently and that any extraordinary circumstance prevented him from filing a timely federal habeas petition. Petitioner is not entitled to equitable tolling and the federal petition must be dismissed as untimely.

### III. CERTIFICATE OF APPEALABILITY

District courts are required to rule on the certificate of appealability in an order disposing of a proceeding adversely to the petitioner or movant, rather than waiting for a notice of appeal and request for certificate of appealability to be filed. Rules Governing Section 2254 Cases in the United States District Courts, Rule 11(a), 28 U.S.C. foll. § 2254. In order to proceed with his appeal, petitioner must receive a certificate of appealability. 28 U.S.C. § 2253(c)(1); Fed. R. App. P. 22; 9th Cir. R. 22-1; Allen v. Ornoski, 435 F.3d 946, 950 (9th Cir. 2006). Generally, a petitioner must make "a substantial showing of the denial of a constitutional right" to warrant a certificate of appealability. Id. at 951; 28

U.S.C. § 2253(c)(2); Slack v. McDaniel, 529 U.S. 473, 483-84 (2000). To make this showing, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Allen, 435 F.3d at 951 (quoting Slack, 529 U.S. at 484). In order to meet this threshold inquiry, the petitioner has the burden of demonstrating that the issues are debatable among jurists of reason, that a court could resolve the issues differently, or that the questions are adequate to deserve encouragement to proceed further. Id. In this case, no reasonable jurist would find this Court's dismissal of the petition debatable or wrong. The Court therefore denies petitioner a certificate of appealability.

**IV. CONCLUSION**

**IT IS THEREFORE ORDERED** that respondents' motion to dismiss (ECF No. 9) is GRANTED.

**IT IS FURTHER ORDERED** that the petition is DISMISSED WITH PREJUDICE as untimely pursuant to the AEDPA statute of limitations, 28 U.S.C. § 2244(d).

**IT IS FURTHER ORDERED** that, on separate and independent grounds, this action is DISMISSED WITHOUT PREJUDICE based on petitioner's failure to update the Court with his current address pursuant to Rule LSR 2-2 of the Local Rules of Special Proceedings and Appeals.

**IT IS FURTHER ORDERED** that petitioner is DENIED A CERTIFICATE OF APPEALABILITY.

**IT IS FURTHER ORDERED** that the Clerk of Court SHALL ENTER JUDGMENT ACCORDINGLY.

DATED this 2nd day of March, 2015.

**RICHARD F. BOULWARE, II**
**United States District Judge**